UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES JOSEPH LUKEZIC et al.,

                      Plaintiffs,                5:12-cv-264
                                                                  (GLS/ATB)
                      v.

ROYAL BANK OF CANADA et al.,

                      Defendants.
_____

## ORDER

Plaintiffs James Joseph Lukezic, Walker Hall New York State, Inc., Walker Hall Winery, Ltd., and Walker Hall, Inc.[1] (collectively, "Walker Hall plaintiffs") filed the instant action against defendants Royal Bank of Canada (RBC) and RBC Capital Markets (Delaware)[2] in State of New York Supreme Court in Tompkins County, alleging an array of claims stemming from a contractual dispute. (*See* Dkt. No. 1 at 6-8.) Citing no objection from the remaining defendants, RBC removed the action to this court. (*See id.* at 1-4.) Pending is RBC's motion to dismiss. (*See* Dkt. No. 17.)

---

[1] Plaintiffs commenced this action *pro se*, but have since retained counsel. (*See* Dkt. Nos. 44-45.)

[2] BDO Canada, Ltd., Joseph Genova and Cash Money Check Cashing (Ontario Limited) were also originally named as defendants. (*See* Dkt. No. 1 at 8.) All claims against them, however, were voluntarily dismissed by the Walker Hall plaintiffs. (*See* Dkt. No. 55.)

For the reasons that follow, that motion is denied with leave to renew.

"Courts have an obligation to ensure that they have subject matter jurisdiction." *Sharpe v. Med. Malpractice Ins. Ass'n*, 1 F. App'x 74, 75 (2d Cir. 2001). "[A] challenge to subject matter jurisdiction cannot be waived and may be raised *sua sponte* by the district court." *Alliance of Am. Insurers v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988). Where the existence of diversity jurisdiction is drawn into question, either by an opposing litigant or the court, the invoking party "bears the burden of proving facts to establish that jurisdiction." *Universal Licensing Corp. v. Paolo del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) (internal quotation marks and citations omitted).

RBC based removal of this action on 28 U.S.C. § 1332(a)(2), which states, in relevant part, that district courts have original jurisdiction of controversies between "citizens of a State and citizens or subjects of a foreign state." (*See* Dkt. No. 1 at 3.) Section 1332(a)(3), while not referenced by RBC, also speaks to jurisdiction of actions involving foreign entities, stating that jurisdiction exists between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." "However, diversity is lacking within the meaning of these sections where .

2

. . on one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing Corp.*, 293 F.3d at 581. In determining whether jurisdiction exists, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).

In light of these axiomatic principles, the court is not satisfied that it has subject matter jurisdiction of the instant action. While certain defendants have been dismissed, the jurisdictional makeup of both sides has remained the same since filing: plaintiffs are foreign and domestic, as are defendants. (*See* Dkt. No. 1 at 3.) The only domestic defendant, however, is RBC Capital Markets (Delaware), which RBC contends "does not exist." (*Id*.) Furthermore, RBC Capital Markets (Delaware) is omitted from the "Parties" section of the Walker Hill plaintiffs' Complaint, and no discernable facts are alleged against it. (*See id*. at 8-21.) Because the existence of RBC Capital Markets (Delaware), and its relation to this action, draw into question the jurisdiction of the court, RBC shall file, in writing and within fourteen (14) days, a brief addressing the basis for the court's subject matter jurisdiction of the instant action. The Walker Hill

3

plaintiffs shall file a response brief, or, if they elect not to respond, notice of that election, within seven (7) days of the filing of RBC's brief. As the party alleging diversity, RBC retains the burden of establishing the court's subject matter jurisdiction. *See Universal Licensing Corp.*, 293 F.3d at 581. Because the court must be satisfied that it has subject matter jurisdiction of this controversy before the merits may be considered, RBC's motion to dismiss is denied with leave to renew.

**ACCORDINGLY**, it is hereby

**ORDERED** that RBC's motion to dismiss (Dkt. No. 17) is **DENIED** with leave to renew; and it is further

**ORDERED** that RBC shall file, in writing and within **fourteen (14) days**, a brief addressing the basis for the court's subject matter jurisdiction of the instant action; and it is further

**ORDERED** that the Walker Hill plaintiffs shall file a response brief, or, if they elect not to respond, notice of that election, within **seven (7) days** of the filing of RBC's brief; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

June 29, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court